IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKY PHILLIPS                                                                                 PLAINTIFF

               v.                      Civil No. 04-2255

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Ricky Phillips brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income benefits (SSI) pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423, and § 1602 of Title XVI, 42 U.S.C. § 1381a, respectively. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural and Factual Background**

The plaintiff filed his application for DIB on September 4, 2001 and SSI on January 21, 2002, alleging an onset date of June 1, 1994. (Tr. 132, 262.) Plaintiff was eligible for DIB through March 30, 1997. (Tr. 14.) The applications were initially denied (Tr. 78-81, 93-97, 265-267) and those denials were upheld upon reconsideration (Tr. 101-102, 270-271). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). (Tr. 103.)

On January 14, 2003, the ALJ held a hearing. The plaintiff was represented by a non-attorney representative at this hearing. (Tr. 55-77.) The ALJ issued a favorable ruling on

February 10, 2003, deciding that the plaintiff was disabled within the meaning of the Act. (Tr. 82-88.) On April 10, 2003, the Appeals Council set aside and remanded the case to another ALJ. (Tr. 112-119.) A second hearing was conducted on October 30, 2003. Again, plaintiff was represented by a non-attorney representative at this hearing. (Tr. 32-54.) The ALJ issued an unfavorable ruling on May 28, 2004, deciding that the plaintiff was not disabled within the meaning of the Act. (Tr. 10-29.) The plaintiff then requested a review of the hearing by the Appeals Council (Tr. 8), which denied that request on September 3, 2004 (Tr. 4-6); thus, the ALJ's decision became the final action of the Commissioner. The plaintiff filed his complaint with this court on November 22, 2004, seeking judicial review of that decision. (Doc. 1.) Both parties have filed appeal briefs with the court. (Docs. 7-8.) This case is before the undersigned pursuant to the consent of the parties. (Doc. 2.)

At the time of the hearings, plaintiff was 43 years of age. He completed high school, but has never received any additional education or training beyond high school. (Tr. 58.) At the time of the hearings, plaintiff was living with his parents, both of whom were retired. Plaintiff alleges an onset date of June 1, 1994, the same day that he was involved in a motor vehicle accident. (Tr. 58.) Prior to the onset date, and occasionally since that date, plaintiff has worked in the home construction and carpentry business. He has framed houses and worked for siding contractors. These jobs have required him to lift 50-60 pounds, bend, stoop, push, and pull. (Tr. 59-61, 154, 172, 178, 182, 214.) Since his onset date, plaintiff spends his days reading, cooking, doing laundry, and performing yard work such as mowing. He is able to care for his personal hygiene and needs. (Tr. 63.) Since his onset date, plaintiff states that he can lift 10 pounds with his left hand and slightly more weight with his right hand. (Tr. 72.)

AO72A
(Rev. 8/82)

Plaintiff claims that he is disabled due to the following conditions: bronchitis (Tr. 153, 173, 187, 204, 213, 256), depression (Tr. 153, 155, 160, 171-177, 181, 201, 204, 207, 213, 247, 254, 255), diabetes (Tr. 158, 171, 181, 201, 210, 213), nervous condition/anxiety (153, 155, 160, 173, 175-177, 214, 242, 247, 255, 258, 61), and neck/spine injury (Tr. 153, 156, 160, 171, 173-177, 181, 201, 204, 207, 213, 247, 254, 255). Plaintiff presents an extensive history of drug and alcohol abuse. (Tr. 171, 172, 181, 182, 201, 202, 214, 216, 240, 243, 244, 258.) Due to his drug use, plaintiff was incarcerated for 9 months during 1997. (Tr. 65, 214, 242.)

At the direction of the second ALJ, plaintiff was seen by Dr. Steve A. Shry for a psychological evaluation on January 6, 2004. As part of this consultative examination, Dr. Shry administered several tests to the plaintiff, including the Wechsler Adult Intelligence Scale III (WAIS III), Wide Range Achievement Test III (WRAT III), MMPI-2, Beck Depression Inventory, and Beck Anxiety Inventory. (Tr. 256.) The plaintiff obtained a 73 verbal and 65 performance score on the WAIS III, and a full-scale IQ of 67, which, according to Dr. Shry, "place claimant within the Mild Mentally Retarded Range of current intellectual functioning" (Tr. 257.) Dr. Shry also stated that plaintiff's results on the WAIS III "appeared to be a valid and reliable indicator of claimant's current functioning level." (Tr. 257.) On the WRAT III, plaintiff tested at an eighth grade reading level, and a sixth grade spelling and math level. (Tr. 257.) Dr. Shry found that plaintiff might be exaggerating symptomatology on the MMPI-2 test, that he scored in the moderate to severe range of depression on the Beck Depression Inventory, and that he scored severe on the Beck Anxiety Inventory. Dr. Shry concluded:

> Claimant is currently functioning within the Mild Mentally Retarded Range intellectually. Claimant presents with numerous physical and mental symptoms, particularly surrounding

-3-

> generalized anxiety and depression. Claimant appeared quite fidgety and had troubles [sic] in concentrating. He appeared friendly and cooperative, but seems to have little insight into his behavior. It is this examiner's opinion that claimant's long history of substance abuse with continued admitted excessive drinking is probably fostering many of the anxiety and depressive symptoms. His breathing difficulties are obviously linked to his long-term smoking. Claimant's MMPI test indicates an individual who, in addition to having little insight, also may be exaggerating symptomatology.

(Tr. 258.) Dr. Shry opined that plaintiff's "reliability in any employment setting would be quite tenuous." (Tr. 258.)

Dr. Shry also opined that the plaintiff would have only a fair ability to follow work rules, relate to co-workers, deal with the public, interact with supervisors, function independently, and maintain attention and concentration, and poor or no ability to use judgment and to deal with work stresses. (Tr. 259.) Also, Dr. Shry rated plaintiff with poor or no ability to understand, remember, and carry out complex or detailed instructions, and only a fair ability to understand, remember, and carry out simple job instructions. Plaintiff would have only a fair ability to maintain personal appearance, behave in an emotionally stable manner, and relate predictably in social situations, with poor or no ability to demonstrate reliability. (Tr. 260.) Dr. Shry also noted that plaintiff had signs of anti-social personality disorder. (Tr. 258, 260.)

The plaintiff was also examined by Dr. Nancy Toombs, a licensed psychologist, who opined, without performing an intelligence test, that plaintiff's estimated IQ is 80 or greater. (Tr. 216.) At the hearing, the vocational expert (VE) testified that plaintiff's past relevant work as a siding installer and form carpenter were semi-skilled in nature. (Tr. 52.)

In posing the hypothetical to the VE, the ALJ asked:

AO72A
(Rev. 8/82)

> ALJ: okay, let's assume an individual who can lift and carry 10 pounds occasionally and five pounds frequently and can push and pull within those limitations. Can stand and walk for up to two hours of an eight-hour workday, and can sit for up to six hours of an eight-hour workday. Postural limitations are that the individual can at least occasionally squat, crouch, crawl, climb, and bend. As far as mental or psychologically based limitations or [sic] concern first due to the individual will have frequent deficiencies in concentration, persistence, and pace which result in failure to complete tasks in a timely manner to include work settings -- to include and work settings also. Also will have difficulty in social settings. Given just these limitations, could such an individual perform any of the past relevant work you've identified for the claimant?
> VE: No, sir.
> ALJ: Are there any other jobs in the national economy that such a person could perform on a sustained basis?
> VE: No, sir.
> ALJ: What would be the primary limiting factors?
> VE: The failure to complete tasks in a timely manner a person would not maintain employment for very long.

(Tr. 53.)

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

-5-

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

AO72A
(Rev. 8/82)

**Discussion**

The plaintiff argues that the ALJ erred in determining that plaintiff was not disabled, as defined by the Act, because (1) the ALJ failed to utilize the "special technique" when evaluating mental impairments, (2) the ALJ failed to provide a Listing 12.08 and 12.05C analysis, (3) the ALJ improperly discredited the psychiatric evidence, and (4) the ALJ failed to elicit VE testimony as to plaintiff's mental retardation. (Doc. 8.)

While the ALJ noted Dr. Shry's statement that the WAIS III appeared to be valid (Tr. 20), the ALJ discredited this finding based on "the record as a whole." Specifically, the ALJ stressed (1) Dr. Shry's notation that plaintiff appeared distracted during the test and gave up easily on some items, (2) the results from the WRAT III achievement test, (3) the estimated 80 or greater IQ from Dr. Toombs, and (4) the VE's testimony that plaintiff's past relevant work was semi-skilled in nature, as reasons for discrediting the plaintiff's IQ score. Thus, the plaintiff's IQ was not considered when determining his Residual Functional Capacity (RFC), nor did the ALJ consider whether plaintiff's intellectual abilities met Listing 12.05C.

First, substantial evidence does not support the ALJ's determination that the IQ result reached from the WAIS III is invalid. The doctor who administered the exam noted that he believed it to be valid and reliable, and that doctor diagnosed plaintiff as being mildly mentally retarded. Further, the remainder of the evidence in the record does not singularly or in combination contradict Dr. Shry's diagnosis. In this matter, it appears that the ALJ simply imposed his own determination as to plaintiff's IQ by disregarding the findings of the mental health professional, to whom the ALJ directed the plaintiff for a consultative evaluation. This is especially troubling as later in the opinion the ALJ uses the opinions of Dr. Shry and Dr.

AO72A
(Rev. 8/82)

Toombs concerning plaintiff's claims of depression to contradict the claims of plaintiff's treating physician. There the ALJ notes that Dr. Shry and Dr. Toombs' opinions are entitled to greater weight than plaintiff's treating physician because Dr. Shry and Dr. Toombs "are both licensed mental health psychologists." (Tr. 26.)

Second, the ALJ fails to consider whether plaintiff's impairments meet Listing 12.05C.[1] To meet Listing 12.05C, a claimant must show: (1) a valid verbal, performance, or full scale IQ of 60 through 70, (2) an onset of the impairment before age 22, and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function. *See Maresh v. Barnhart*, 438 F.3d 897, 899 (2006). Here, the only valid IQ examination performed resulted in a full scale IQ of 67, and the record contains numerous references to other impairments--both physical and psychological--that plaintiff suffers from.

Third, the ALJ fails to properly consider the testimony of the VE as it relates to plaintiff's mental functioning. In *Lucy v. Chater*, the Eighth Circuit "previously concluded that borderline intellectual functioning is a significant nonexertional impairment that must be considered by a vocational expert." *See Lucy v. Chater*, 113 F.3d 905, 908 (8th Cir. 1997.) "Borderline intellectual functioning is a condition defined as an IQ score within the 71-84 range while mental retardation is a score of about 70 or below." *Hutsell v. Massanari*, 259 F.3d 707, 709 n.3 (8th

---

[1]Mental Retardation: Mental Retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the development period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met with the requirements in A, B, C, or D are satisfied.
\*\*\*
C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05

AO72A
(Rev. 8/82)

Cir. 2001); *see also Diagnostic and Statistical Manual of Mental Disorders* at 741 (4th Ed. Text Revision 2000). Thus, even if the ALJ were to find that Dr. Toombs' estimated IQ of 80 or greater was the valid IQ for plaintiff, plaintiff's intellectual limitations should have been included in the hypothetical posed to the VE. The hypothetical presented to the VE in this matter does not explicitly reference plaintiff's intellectual capacities and limitations, and such oversight requires remand. *See Swope v. Barnhart*, 436 F.3d 1023, 1025-26 (8th Cir. 2006).

**Conclusion:**

Accordingly, the ALJ's decision denying DIB and SSI to the plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for reconsideration of plaintiff's intellectual limitations.

DATED this 29th day of March 2006.

                                                    **/s/ Beverly Stites Jones**
                                                    _____
                                                    HON. BEVERLY STITES JONES
                                                    UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)